IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eric Hemingway, ) | |
| ) | C/A No. 4:15-367-MBS-TER |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| Warden, Lieber Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner Eric Hemingway is an inmate in custody of the South Carolina Department of Corrections (SCDC). Petitioner currently is housed at Lieber Correctional Institution in Ridgeville, South Carolina. On January 28, 2015, Petitioner, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III for pretrial handling.

On June 30, 2015, Respondent filed a return and motion for summary judgment. By order filed July 1, 2015, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedures and the possible consequences if he failed to respond adequately. Petitioner filed no response to the motion for summary judgment.

On August 14, 2015, the Magistrate Judge issued a Report and Recommendation in which he recommended that the petition be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. Petitioner filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole

or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

As a general rule, when one party files a motion for summary judgment, the non-movant cannot merely rely on matters pleaded in the complaint, but must, by factual affidavit or the like, respond to the motion. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) (citing sources). However, a verified complaint is the equivalent of an opposing affidavit for summary judgment purposes, when the allegations contained therein are based on personal knowledge. Id. (citing cases).; see Slappy v. Bazzle, C/A No. 0:05-0014-DCN-BM, 2005 WL 6139235, *1 n.3 (D.S.C. Nov. 21, 2005)(noting that, in the Fourth Circuit, "verified complaints or petitions filed by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge")(citing Williams, 952 F.2d at 823)). Petitioner filed a verified petition, as evidenced by his signature made under penalty of perjury, in which he asserts allegations based on his personal knowledge. ECF No. 1, 17. Even though Petitioner did not respond to Respondent's motion for summary judgment or the Magistrate Judge's Report and Recommendation, the court declines to accept the Report and Recommendation. Rather, the Magistrate Judge should reach the merits of Petitioner's grounds for relief.

Accordingly, the within action is recommitted to the Magistrate Judge for additional pretrial

handling.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

September 10, 2015