# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
### FLORENCE DIVISION

———————————————

| | | |
|---|---|---|
| Eric Hemingway, | ) | C/A No. 4:15-00367-MBS-TER |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden Lieber Correctional | ) | |
| Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, Eric Hemingway ("Petitioner/Hemingway"), is an inmate in the custody of the South Carolina Department of Corrections (SCDC). Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on January 28, 2015. Respondent filed a motion for summary judgment on June 30, 2015, along with a return and supporting memorandum. The undersigned issued an order filed July 1, 2015, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to file a response. Petitioner failed to file a

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

response.[2]

## **PROCEDURAL HISTORY**

The procedural history as set forth by the Respondent has not been disputed by the Petitioner as he did not file a response to the motion for summary judgment. Therefore, the undersigned will set out the undisputed procedural history, in part, as set forth by the Respondent.

Petitioner is currently confined at the Lieber Correctional Institution in the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court for Allendale County. Petitioner was indicted by the Allendale County Grand Jury during the December 2005 Term of the Allendale County Court of General Sessions for one count of Murder (2005-GS-03-139), one count of First Degree Burglary (2005-GS-03-142), and one count of Criminal Sexual Conduct, First Degree (2005-GS-03-143). (App. 702-05, Attachment No. 2). At trial, Petitioner was represented by Steven Plexico, Public Defender for Allendale County. (App. 1-631). The State was represented by Assistant Solicitor Tameaka Legette of the Fourteenth

---

[2] The undersigned previously entered a report on August 14, 2015, recommending that the case be dismissed for failure to prosecute pursuant to Rule 41b of the Fed. R. Civ. P. The district judge declined to accept the Report and recommitted the case to the undersigned for review of the merits based on  Williams v. Griffin, 952 F.2d 820 (4th Cir. 1991). It is noted that Petitioner did not comply with the court's Roseboro order, did not file objections to the previous Report and Recommendation, and has not filed any response since the district judge recommitted it to the magistrate judge.

Judicial Circuit Solicitor's Office.  Id. On April 23-26, 2007, Petitioner was tried by a jury before the Honorable J. Michelle Childs, Circuit Court Judge on all three charges. Id. On April 26, 2007, Petitioner was convicted of murder and criminal sexual conduct, first degree.  (App. 611).  He was found not guilty of first degree burglary. (App. 611). Judge Childs sentenced Petitioner to fifteen years confinement for the criminal sexual conduct in the first degree conviction and thirty years confinement for the murder conviction, to be served consecutively.  (App. 629-30).

## DIRECT APPEAL

A timely Notice of Appeal was served on behalf of Petitioner on or about May 3, 2007. (Attachment No. 3).  On appeal, Petitioner was represented by Robert M. Dudek, Deputy Chief  Appellate Defender for Capital Appeals with the South Carolina Commission on Indigent Defense, Division of Appellate Defense.  (See Attachment No. 4).  Petitioner's appeal was perfected with the filing of a Final Anders Brief of Appellant.  (Attachment No. 4).  In the Final Anders Brief, counsel argued the court erred by refusing to declare a mistrial where the state intentionally introduced evidence that the hospital had a court order to obtain appellant's blood for law enforcement purposes. Petitioner  had the right to be free of unreasonable warrantless searches and seizures, and the fact the state was obligated to obtain a court order should not have been used against Petitioner.  Further, the state also introduced

3

evidence Petitioner remained silent after being given <u>Miranda</u> warnings. The cumulative effect of this evidence denied Petitioner his due process right to a fair trial since it implied Petitioner was guilty because of the exercise of his constitutional rights.

Petitioner also filed a Brief of Appellant. (Attachment No. 7). In the *pro se* Brief, Petitioner presented five arguments. First, he contended the trial court committed constitutional error by denying his motion for a directed verdict because the prosecution failed to prove the corpus delecti of the charge of criminal sexual conduct in the first degree. Second, he argued the trial court committed constitutional error in denying his motion for a directed verdict on the murder charge because the jury had to speculate as to Petitioner's guilt. Third, he asserted the trial court committed constitutional error because the trial court did not suppress the results of the DNA analysis of Petitioner when the chain of custody was not complete as far as practicable. Fourth, Petitioner alleged it was constitutional error for the trial court to deny Petitioner's motion for a mistrial because Juror #44 was not truthful during voir dire. Fifth, Petitioner averred it was constitutional error for the trial court not to declare a mistrial when the jury found Petitioner was not guilty for the crime of burglary in the first degree.

In an unpublished opinion filed November 23, 2009, the South Carolina Court

of Appeals dismissed Petitioner's appeal. (Attachment No. 8). Petitioner also filed

a *pro se* brief. The Court of Appeals dismissed the appeal and granted counsel's

motion to be relieved. The Remittitur was issued on December 9, 2009. (Attachment

No. 9).

## PCR

On February 9, 2010, Petitioner filed an Application for Post-Conviction Relief

(PCR) (2010-CP-03-15), asserting claims of ineffective assistance of trial counsel,

ineffective assistance of appellate counsel, and lack of personal jurisdiction for the

criminal sexual conduct charge. (App. 632-60). In regards to the ineffective

assistance of trial counsel, Petitioner asserted eleven claims. First, he argued trial

counsel was ineffective for failing to object to the court's jury instruction for the

offense of criminal sexual conduct in the first degree. (App. 640-41). Second, he

alleged trial counsel was ineffective for not objecting to the trial court not charging

the whole law for the offense of criminal sexual conduct in the first degree. (App.

641-42). Third, he contended trial counsel was ineffective in failing to effectively

argue to the jury and to the trial court during the directed verdict motion that his skin,

hair, blood, and DNA were not found under the fingernails of the deceased. (App.

643-44). Fourth, Petitioner asserted trial counsel was ineffective in not objecting to

the jury instruction for the crime of murder inasmuch as South Carolina Supreme

5

Court precedent had made it clear that "the crime of murder is a composite crime, it includes the assault committed upon a person with intent to kill and the resulting death from that assault." Petitioner specifically argued that the jury was not advised of all of the elements of murder. (App. 645). Fifth, Petitioner averred trial counsel was ineffective in failing to alert the court that Petitioner did not waive his extradition rights to face the charge of CSC in the first degree. (App. 646). Sixth, Petitioner argued trial counsel was ineffective in failing to request a jury instruction that if he was not found guilty of the predicate charge, he could not be found guilty of the following charges. (App. 647-48). Seventh, Petitioner alleged trial counsel was ineffective in failing to request a jury instruction for the jury to not consider false evidence adduced at trial. (App. 649). Eighth, Petitioner contended trial counsel was ineffective for failing to object to the court charging the jury on the facts in the case. (App. 650). Ninth, Petitioner asserted trial counsel was ineffective for failing to effectively argue his murder case during the directed verdict stage. (App. 651). Tenth, Petitioner averred trial counsel was ineffective for failing to argue the motion to quash the murder indictment correctly. (App. 652-53). Eleventh, Petitioner contended trial counsel was ineffective for multiple failures to object during trial. (App. 654).

Petitioner further asserted appellate counsel was ineffective for filing a no

merits _Anders_ Brief.  (App. 655-56).  Second, he claimed appellate counsel was ineffective for not informing Petitioner that he could litigate his case all the way up to the United States Supreme Court.  (App.656).  Third, he argued appellate counsel was ineffective for not consulting with Petitioner during the appeal.  (App. 656-57).

The State served its Return on June 11, 2010.  (App. 661-66).  On January 24, 2011, Petitioner filed an Amended Application for Post Conviction Relief.  (Attachment No. 10).  In the Amended Application, Petitioner raised three new claims.  First, he asserted trial counsel was ineffective for engaging in improper closing argument that impermissibly invoked the Golden Rule argument.  Second, he claimed trial counsel was ineffective for failing to object when the trial judge commented on the facts of the case during his malice instructions to the jury that used examples directly relating to Petitioner's case and in doing so prematurely directed a verdict for the state.  Third, he contended trial counsel was ineffective for failing to object the burden-shifting jury instructions when the trial court failed to instruct the jury they could "accept or reject" the instructions that "malice is implied from the use of a deadly weapon."

On August 30, 2011, Petitioner served a Second Amended and Supplemental Post Conviction Relief Application Pursuant to Rule 15, SCRCP.  (Attachment No. 11).  In the second Amended Application, Petitioner raised additional claims of

7

ineffective assistance of trial counsel.  He specifically asserted trial counsel was ineffective in failing to argue the following points of law:

1.     That the State's evidence only raised a suspicion of guilt and not guilt itself beyond a reasonable doubt; and,

2.     That the State's evidence submitted in the trial of this case did not rise to the level of substantial circumstantial evidence necessary to submit the case to the jury.

An evidentiary hearing in the PCR action was held on September 1, 2011, before the Honorable D. Craig Brown, Circuit Court Judge.  (App. 667-93).  Petitioner was present and was represented by John H. Pinckney.  Id. The State was represented by Assistant Attorney General Matthew J. Friedman.  Id. On October 13, 2011, the PCR Court filed its Order of Dismissal denying the application.  (App. 695-701).

## PCR APPEAL

Petitioner served and filed a Notice of Appeal on July 3, 2013.  (Attachment No. 12).  On appeal, Petitioner was represented by Robert M. Pachak, Appellate Defender  with the South Carolina Commission on Indigent Defense, Division of Appellate Defense. (See Attachment No.  13).  Petitioner's appeal was perfected by the filing of a Johnson Petition for Writ of Certiorari.  (Attachment No. 13).  In the Johnson Petition, counsel argued trial counsel was ineffective in failing to request a proper jury instruction on circumstantial evidence. Petitioner also filed a *pro se* Supplemental Johnson Petition.  (Attachment No. 15).  In his pro se Petition,

8

Petitioner raised three arguments.  First, he alleged PCR counsel failed to properly argue that trial counsel  was ineffective  in not properly moving for a directed verdict where there was no proof of the corpus delecti for murder and C.S.C First.  Second, he contended PCR counsel failed to properly argue that trial counsel was ineffective in failing to object to burden shifting jury instructions when the trial court failed to instruct the jury they could accept or reject the instructions that malice is implied from the use of a deadly weapon and that a hand is a deadly weapon.  Third, he argued PCR counsel failed to properly argue that trial counsel was ineffective in failing to offer expert testimony of a defense forensic pathologist to elicit the fact there was no probative evidence to show the victim was  strangled to death or raped and that the coroner had not yet issued an opinion as to cause of death.  By Order filed August 21, 2014, the South Carolina Supreme Court denied the Petition for Writ of Certiorari. (Attachment No. 16).

After consideration of the record as required by <u>Johnson v. State</u>, 294 S.C.310, 364 S.E.2d 201 (1988),  the Supreme Court denied the petition and granted counsel's request to withdraw. The Remittitur was issued on September 8, 2014.  (Attachment No. 17).

## **<u>HABEAS ALLEGATIONS</u>**

Petitioner raised the following allegations in his petition, quoted verbatim with

9

errors:

| | |
|---|---|
| Ground One: | Ineffective Assistance of Counsel |

Supporting facts:    Counsel failed to object to court's jury instruction for CSC -1st degree.  Counsel failed to object to trail[sic] court not charging the whole law for CSC -1st degree.  Counsel failed to effectively argue to the jury, and to the court during directed verdict stage that applicant's skin, hair, blood, or in the alternative Applicant's DNA was not found under the fingernails of the deceased.  Counsel failed to object to jury charge of crime of murder.  Counsel failed to alert the Court that Applicant did not waive his extradition rights to face the charge of CSC -1st degree.  Counsel failed to request a jury instruction pertaining to if Applicant was not found guilty of the predicate charge, then he Could not be found guilty of following charges.  Counsel failed to request jury instruction for jury not to consider false evidence adduced at trial.  Counsel failed to object to court charging the jury on the facts in this case.  Counsel failed to effectively argue murder charge during directed verdict stage.  Counsel failed to argue the motion to quash the murder indictment correctly.  Counsel failed to object multiple times  during trial.  Counsel failed to engaged in improper closing argument that impermissibly invoked the Golden Rule arguement[sic].  Counsel failed to object when the trial judge commented upon the facts of the case during his malice instructions to the jury that used examples directly relating to Applicant's case and in doing so prematurely directed a verdict for the state.  Counsel failed to  object to burden-shifting jury instructions when the trial court failed to instruct the jury they could "accept or reject" the instructions that malice is implied from the use of a deadly weapon.  Counsel failed to argue that the state's evidence only raised a suspicion of guilt and not guilt itself beyond a reasonable doubt and that the state's evidence submitted in the trial of this case did not rise to the level of substantial circumstantial evidence necessary to submit the

case to the jury.

Ground Two:          Due Process Violation

Supporting facts:    Petitioner due process rights were violated because he was convicted of murder without any proof Aliunde of the corpus delecti that a murder occured[sic], Petitioner was convicted of first degree criminal sexual conduct without any proof Aliunde of the corpus delecti that a sexual assualt[sic] ever occured[sic], Petitioner was aquitted[sic] of burglary first degree as there was no  proof Aliunde of the corpus delecti.  It is well settled law that a conviction cannot be had on the extra judicial statement of a defendant unless it is corroborated by proof Aliunde of the corpus delecti.

(Petition).


## STANDARD FOR SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases.  See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972).  The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim,  Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court  assume the existence of a genuine issue of material fact where none exists.  If none can be shown, the motion should be granted.  Fed. R. Civ. P. 56(c).

11

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v.

Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## STANDARD OF REVIEW

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United

States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

Thus, a writ may be granted if a state court "identifies the correct principle from [the Supreme] Court's decisions but unreasonably applies that principle of law" to the facts of the case. <u>Humphries v. Ozmint</u>, 397 F.3d 206, 216 (4th Cir. 2005) (citing <u>Williams v. Taylor</u>, 529 U.S. 362, 413 (2000)). However, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." <u>Id</u>. "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." <u>McHone v. Polk</u>, 392 F.3d 691, 719 (4th Cir. 2004). Further, factual findings "made by a State court shall be presumed to be correct," and a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## ANALYSIS

### Ground One

In Ground One, Petitioner asserts fifteen claims. Respondent argues that claims

one, two, four, five, six, seven, eight, ten, eleven[3] (with the exception of any argument that counsel was ineffective in objecting to the denial of the directed verdict motion), twelve, thirteen, and fourteen in Ground One are procedurally defaulted. Respondent asserts that all of these claims were arguably raised by Petitioner in either his PCR application or his amended PCR application but were not ruled upon by the PCR court.

As Ground One, claims one, two, four, five, six, eight, ten, twelve, thirteen, and fourteen were either not raised to and/or not ruled upon by the PCR court, they are procedurally barred from review in federal habeas corpus. See Plyler v. State, 309 S.C. 408, 424 S.E.2d 477, 478 (S.C.1992) (holding that an issue that was neither raised at the PCR hearing nor ruled upon by the PCR court is procedurally barred). Petitioner has not demonstrated cause and prejudice for his procedural default of these issues. Therefore, it is recommended that Respondent's motion for summary judgment be granted with regard to these claims.

### Ground One, claims three, nine, fifteen

The issues raised in Ground One, claims three, nine, and fifteen are premised on the same argument. In Ground One, claim three, Petitioner argues ineffective

---

[3] Ground One, claim eleven will be discussed seperately.

15

assistance of counsel for failing to effectively argue to the jury and to the court during the directed verdict stage that his skin, hair, blood, or in the alternative, his DNA was not found under the fingernails of the deceased. In Ground One, claim nine, Petitioner asserts ineffective assistance of counsel in his argument for a directed verdict on the murder charge. In claim fifteen, Petitioner asserts counsel failed to argue that the state's evidence only raised a suspicion of guilt and not guilt itself beyond a reasonable doubt and that the state's evidence submitted in the trial of the case did not rise to the level of substantial circumstantial evidence necessary to submit the case to the jury. As all of these issues pertain to ineffective assistance of counsel regarding counsel's motion and argument for directed verdict, they will be addressed together.

When presented with an application for habeas relief, the first inquiry by the court is to determine whether the claim raised in the petition was "adjudicated on the merits" by the state court. 28 U.S.C.A. §2254(d). If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in §2254(d) applies and federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state

court proceeding." Id. § 2254(d)(1),(2); see Williams v. Taylor, 529 U.S. at 398.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland , supra, the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) (quoting Strickland, reversed on other grounds, 476 U.S. 28 (1986)). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Strickland, at 694.

17

The court further held at page 695 that:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct . . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the <u>wide</u> <u>range</u> of professionally competent assistance.  (Emphasis added.)

<u>Id.</u>; <u>Williams v. Taylor</u>, 529 U.S. 362, 120 S.Ct. 1495 (2000)(confirming the <u>Strickland</u> analysis).

The PCR court held the following with regard to these issues of ineffective assistance of counsel after finding counsel's testimony credible:

> This court finds that counsel properly argued that there was not substantial evidence and that the State's evidenced was speculative. The Applicant cites <u>State v. Bostick</u>, 703 S.E.2d 774, 392 S.C. 134 (2011), which was decided after this trial and was from a direct appeal. There, counsel was not deficient in his presentation of the case. Counsel focused on Mr. Williams' credibility and the State's lack of evidence. Ultimately, the jury found that Mr. Williams was credible and found Applicant guilty of murder and CSC-1st degree.
>
> Accordingly, this Court finds the Applicant has failed to prove the first prong of the <u>Strickland</u> test, specifically that counsel failed to render reasonably effective assistance under prevailing professional norms. The Applicant failed to present specific and compelling evidence that counsel committed either errors or omissions in his representation of the Applicant. The Applicant failed to show that counsel's performance was deficient. This Court also finds the Applicant has failed to produce the second prong of

18

> Strickland, specifically that he was prejudiced by counsel's performance. This Court concludes the Applicant has not met his burden of proving counsel failed to render reasonably effective assistance. See Frasier v. State, 351 S.C. 385, 389, 570 S.E.2d 172, 174 (2002).

(Oder of Dismissal, Tr. 700).

Based upon the record, the PCR court's rejection of the ineffective assistance of counsel ground for relief was not "contrary to, or involved an unreasonable application of, clearly established Federal law; or did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2); Williams, supra. The PCR court found counsel's testimony credible. The PCR court's factual determinations regarding credibility are entitled to deference in this action. Cagle v. Branker, 520 F.3d 320, 324 (4th Cir.2008), (citing 28 U.S.C. § 2254(e)(1) (for a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear)); see also Marshall v. Lonberger, 459 U.S. 422, 434, 103 S.Ct. 843, 74 L.Ed.2d 646, (1983) ("28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them"). Additionally, a presumption of correctness attaches to state court factual findings. 28 U.S.C. §2244(e)(1). Evans v. Smith, supra; Wilson v. Moore, supra. At the PCR hearing, counsel testified that he made a motion for directed verdict

arguing *corpus delecti* because he thought the State had a problem showing the body and elements of the crimes, arguing there was not substantial evidence, and arguing the State's evidence was speculative. (Tr. 682-683). Counsel testified that during his motion for directed verdict, he did not want to emphasize or remind the judge that there was "plenty of evidence on the record." (Tr. 681).[4]  Counsel testified that he reviewed the evidence with Petitioner and argued the State lacked sufficient evidence to convict the Petitioner. (Tr. 687-689). He asserted that he explained the right to testify to Petitioner, and Petitioner indicated that he did not want to testify at trial.(App. 686; 697-98).   Counsel testified that the State's DNA evidence was meaningless, and he tried to argue to the jury that the State was twisting the evidence around. (Tr. 683). However, counsel asserted that he believed it came down to Mr. Williams' credibility. Id. Counsel testified that there was no getting around Michael William's damaging testimony that Petitioner came over after the incident and told him he had raped the victim. Specifically, Counsel testified that "you're not trying to mislead anybody, but I mean, fact is, you know, 'I just rape her, Dog,' and you know, '[l]ook what she did to me.' There were evidence of violence–evidence of violence,

---

[4] Courts are instructed not to second guess an attorney's trial strategy and tactics. Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir.1977); Stamper v. Muncie, 944 F.2d 170 (4th Cir.1991).

rejection, I mean, fresh scratches. That what he's[5] testifying to. I mean, it's going to the jury." (Tr. 681).  A review of the trial transcript, reveals that counsel did argue for a directed verdict as he testified to at PCR, but it was denied. (Tr. 445-459; 488-489). Based on the record, it is recommended that Respondent's motion for summary judgment be granted as to Ground One, claims three, nine, and fifteen.

**Ground One, claim eleven**

In Ground One, claim eleven, Petitioner argues counsel was ineffective because "counsel failed to object multiple times during trial." (Petition at 13 of 17). Respondent asserts that this issue is procedurally barred with the exception of any argument that  counsel was ineffective for failing to object to the denial of his directed verdict motion. Respondent asserts this claim would be analyzed the same as claim three in Ground One.

Petitioner did not file a response to the motion for summary judgment. Based on this claim as set forth in the petition, it is not clear what objections Petitioner asserts counsel failed to raise during trial. Thus, it is recommended that this issue be denied.

In the alternative, it is recommended that this claim be denied as procedurally

---

[5]The State's witness, Michael Williams.

barred as it was not raised and/or ruled upon by the PCR court. If Petitioner is attempting to argue counsel failed to object to the denial of the motion for directed verdict, the claim fails for the reasons set forth above under Ground One, claims three, nine, and fifteen.

**Ground Two**

In Ground Two, Petitioner argues his due process rights were violated because he was convicted of murder without any proof such that he was entitled to a directed verdict at trial. Again, this issue deals with Petitioner's motion for directed verdict which was denied by the trial court. Respondent argues that this claim should be denied for the reasons set forth in Ground One, claim three, and "for the reasons outlined by the solicitor at trial (see App. 448-49, 450-51, 461)." (Return, p. 50).

Claims of insufficiency of the evidence such that a directed verdict should have been granted are cognizable in habeas actions as claims of a denial of due process. However, review in this area is " 'sharply limited.' " Wilson v. Greene, 155 F.3d 396, 405 (4th Cir.1998) (quoting Wright v. West, 505 U.S. 277, 296, 112 S.Ct. 2482, 120 L.Ed.2d 225 (1992)). The Wilson court determined that district courts are required to give significant deference to the state court's ruling on motions for directed verdict and similar challenges to the sufficiency of evidence to convict because "[f]ederal

review of the sufficiency of the evidence to support a state conviction is not meant to consider anew the jury's guilt determination or to replace the state's system of direct appellate review." 155 F.3d at 405–06. This deference requires this court to consider that "a defendant is entitled to relief only if 'no rational trier of fact could have found proof of guilt beyond a reasonable doubt.' " Id. (quoting Jackson v. Virginia, 443 U.S. 307, 324, 99 S.Ct. 2781, 61 L.Ed.2d 560(1979).  In this case, the trial judge found that the motion for directed verdict on the murder charge should be denied based on the evidence presented. A witness testified at trial that Petitioner came to his house and stated that he raped the victim, that he choked her, and that he thought he killed her. Further, the witness testified that Petitioner came back the next day and stated that he had in fact killed her, and he left town. Petitioner's mother provided law enforcement with a statement in which she indicated that she observed scratches on Petitioner and that he told her he had hurt someone in Allendale. This statement was entered into evidence. (411-425).The expert pathologist testified about the bruises on the victim's body and that, in her medical opinion, the cause of death was by asphyxia due to strangulation. (Tr. 171).

In the *pro so* brief on direct appeal, Petitioner argued that it was constitutional error by the trial court to deny his motion for directed verdict on the charge of murder when the jury had to speculate as to his guilt. The South Carolina Court of Appeals

denied the direct appeal. (Doc.#26-10). Accordingly, the South Carolina Court of Appeals' determination that the trial judge did not err in denying Petitioner's motion for directed verdict was neither a decision that "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; nor a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2). Accordingly, it is recommended that Ground Two be dismissed.

## CONCLUSION

As set out above, a review of the record indicates that the petition should be dismissed. Therefore, it is RECOMMENDED that Respondent's motion for summary judgment (Doc. #27) be granted and the petition be dismissed without an evidentiary hearing.

Respectfully submitted,

s/Thomas E. Rogers, III
December 11, 2015                    Thomas E. Rogers, III
Florence, South Carolina            United States Magistrate Judge

**The parties' attention is directed to the important information on the attached notice.**

24