IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eric Hemingway, | ) |
|                 Petitioner, | ) C/A No. 4:15-0367-MBS |
| vs. | ) |
| | ) **O R D E R** |
| Warden, Lieber Correctional Institution, | ) |
|                 Respondent. | ) |

Petitioner Eric Hemingway is an inmate in custody of the South Carolina Department of Corrections (SCDC) who currently is housed at the Lieber Correctional Institution in Ridgeville, South Carolina. On January 28, 2015, Petitioner, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III for a Report and Recommendation.

On June 30, 2015, Respondent Warden, Lieber Correctional Institution, filed a motion for summary judgment. By order filed July 1, 2015, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Magistrate Judge advised Petitioner of the summary judgment procedures and the possible consequences if he failed to respond adequately. Petitioner filed no response to the motion for summary judgment. Because Petitioner had filed a verified § 2254 petition, however, the Magistrate Judge addressed Respondent's motion for summary judgment. See Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).

On December 11, 2015, the Magistrate Judge issued a Report and Recommendation in which he recommended that Respondent's motion for summary judgment be granted. Petitioner filed no

objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the voluminous record. The court concurs in the recommendation of the Magistrate Judge. Respondent's motion for summary judgment (ECF No. 27) is **granted.** Petitioner's § 2254 petition (ECF No. 1) is **denied and dismissed**, with prejudice.

CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that Movant has not made the requisite showing. Accordingly,

the court **denies** a certificate of appealability.

    **IT IS SO ORDERED**.

                                          /s/ Margaret B. Seymour
                                          Senior United States District Judge

Columbia, South Carolina

January 22, 2016.

                              **NOTICE OF RIGHT TO APPEAL**

**Petitioner is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**